UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

Dayana Zavala,
Ricardo Hernandez,
and other similarly situated individuals,

      Plaintiffs,

v.

Construcion Pachito Martinez LLC,
and Victor M. Martinez Dominguez,
individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

    COME NOW Plaintiffs Dayana Zavala, Ricardo Hernandez, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Construction Pachito Martinez LLC and Victor M. Martinez Dominguez individually, and allege:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs Dayana Zavala and Ricardo Hernandez are residents of Fort Myers, Lee County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3.  Defendant Construction Pachito Martinez LLC (from now on Construction Pachito Martinez, or Defendant) is a Foreign Limited Liability Company doing business in Lee County, Florida, where Plaintiffs worked for Defendant.

4.  Individual Defendant Victor M. Martinez Dominguez was and is now the owner/partner/officer/and manager of Construction Pachito Martinez. Defendant Victor M. Martinez Dominguez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and he is jointly liable for Plaintiff's damages.

5.  All the actions raised in this Complaint occurred in Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6.  This cause of action is brought by Plaintiffs Dayana Zavala and Ricardo Hernandez as a collective action to recover from Defendants regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of

Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

7. Defendant Construction Pachito Martinez is a construction company providing construction services to commercial and residential customers.

8. Defendant Construction Pachito Martinez was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an interstate construction company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as construction laborers, and they performed construction across interstate lines. Additionally, Plaintiffs

regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez employed Plaintiffs Dayana Zavala and Ricardo Hernandez as non-exempted, full-time employees approximately between March 01, 2022, and March 17, 2023, or 54 weeks.

11. Plaintiffs were hired to work laying underground cables and pipes. Plaintiffs were paid a daily rate of $120.00 (Dayana Zavala) and $160.00 (Ricardo Hernandez).

12. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days weekly. Plaintiffs worked from Monday to Friday from 6:00 AM to 8:00 PM (14 hours daily). Plaintiffs worked a total of 67.5 hours weekly. Plaintiffs have already deducted 2.5 hours of lunchtime weekly (30 minutes x 5 days=2.5 hours weekly).

13.  Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs weekly the same daily rate regardless of the number of hours worked.

14. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals.

Defendants knew about Plaintiffs' number of working hours for the week. Plaintiffs worked under the supervision of the business owner Victor M. Martinez Dominguez.

15. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiffs were paid weekly with checks and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

17. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

18. Defendants failed to pay Plaintiffs for four consecutive weeks. Plaintiffs complained numerous times to the business owner Victor M. Martinez Dominguez.

19. On or about March 17, 2023, Plaintiffs complained for the last time. As a result, Plaintiffs were fired the same day.

20. Defendants refused to pay Plaintiffs their overdue wages at the time of their termination.

21. Defendants did not answer Plaintiffs' telephone calls and then blocked Plaintiffs' phone numbers. Plaintiffs could not contact Defendants anymore, and they never received compensation for their last four weeks.

22. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

23. In the case of Plaintiff Dayana Zavala, she earned $120.00 daily or $600.00 weekly. This amount, divided by the number of hours worked (67.5), resulted in a regular hourly rate of $8.89, which is lower than the minimum wage required by law.

24. At times mentioned, individual Defendant Victor M. Martinez Dominguez was, and is now, the owner/partner/manager of Construction Pachito Martinez. Defendant Victor M. Martinez Dominguez was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Construction Pachito Martinez's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Victor M. Martinez Dominguez had financial and operational control of the business determining Plaintiffs' terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiffs' damages.

25. Plaintiffs Dayana Zavala and Ricardo Hernandez seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

26. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

27. Plaintiffs have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

<u>Collective Action Allegations</u>

28. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

30. This action is intended to include every construction laborer and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**

## **FAILURE TO PAY OVERTIME**

31. Plaintiffs Dayana Zavala and Ricardo Hernandez re-adopt every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

32. This action is brought by Plaintiffs Dayana Zavala, Ricardo Hernandez, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez employed Plaintiffs Dayana Zavala and Ricardo Hernandez as non-exempted, full-time employees approximately between March 01, 2022, and March 17, 2023, or 54 weeks.

34. Plaintiffs were hired to work laying underground cables and pipes. Plaintiffs were paid a daily rate of $120.00 (Dayana Zavala) and $160.00 (Ricardo Hernandez).

35. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days with a total of 67.50 hours weekly. Plaintiffs have already deducted 2.5 hours of lunchtime weekly (30 minutes x 5 days=2.5 hours weekly).

36. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs the same daily rate regardless of the hours worked.

37. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week. Plaintiffs worked under the supervision of the business owner Victor M. Martinez Dominguez.

38. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

39. Plaintiffs were paid weekly with checks and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

40. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should

be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Plaintiffs are not in possession of time and payment records, but they will provide a good-faith estimate about their unpaid overtime hours.

43. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when records are received.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Overtime claim of Plaintiff Dayana Zavala

a. Total amount of alleged unpaid wages:

Eight Thousand One Hundred Sixty-Seven Dollars and 00/100 (8,167.50)

b. Calculation of such wages:

Total weeks of employment:  54 weeks
Total relevant weeks of employment: 54 weeks
Total hours worked: 67.5 hours weekly

Total unpaid O/T hours: 27.5 O/T hours weekly
Daily rate: $120.00 x 5 days=$600.00 weekly:67.5 hours=$8.89
Regular rate: $8.89
Florida Minimum wage 2023: $11.00 an hour x 1.5=$16.50
O/T rate: $16.50 an hour
Half-time: $5.50

$5.50 x 27.5 O/T hours=$151.25 weekly x 54 weeks=$8,167.50

c.  <u>Nature of wages:</u>

This amount represents unpaid half-time overtime wages[1]

## 2.- Overtime claim of Plaintiff Ricardo Hernandez

a.  <u>Total amount of alleged unpaid wages:</u>

Eight Thousand Eight Hundred Six Dollars and 00/100 (=$8,806.32)

b.  <u>Calculation of such wages:</u>

Total weeks of employment:  54 weeks
Total relevant weeks of employment: 54 weeks
Total hours worked: 67.5 hours weekly
Total unpaid O/T hours: 27.5 O/T hours weekly
Daily rate: $160.00 x 5 days=$800.00 weekly:67.5 hours=$11.85
Regular rate: $11.85 an hour x 1.5=$17.78
O/T rate: $17.78 an hour-$11.85 O/T rate paid= $5.93 difference
Half-time: $5.93

$5.93 x 27.5 O/T hours=$163.08 weekly x 54 weeks=$8,806.32

c.  <u>Nature of wages:</u>

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

This amount represents unpaid overtime wages.[2]

44. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

46. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

47. Plaintiffs have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable Attorney's fee.

Prayer for Relief

Wherefore, Plaintiffs Dayana Zavala, Ricardo Hernandez, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Dayana Zavala, Ricardo Hernandez, and other similarly situated individuals and against the Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiffs Dayana Zavala and Ricardo Hernandez demand a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

48. Plaintiffs Dayana Zavala and Ricardo Hernandez re-adopt every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

49. Plaintiffs bring this action to recover from the Employers Construction Pachito Martinez and Victor M. Martinez Dominguez unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

50. Defendant Construction Pachito Martinez was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

51. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than —

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

52. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez employed Plaintiffs Dayana Zavala and Ricardo Hernandez as non-exempted, full-time employees approximately between March 01, 2022, and March 17, 2023, or 54 weeks.

53. Plaintiffs were hired to work laying underground cables and pipes. Plaintiffs were paid a daily rate of $120.00 (Dayana Zavala) and $160.00 (Ricardo Hernandez).

54. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days with a total of 67.50 hours weekly. Plaintiffs have already deducted 2.5 hours of lunchtime weekly (30 minutes x 5 days=2.5 hours weekly).

55. During their employment with Defendants,  Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

56. Defendants failed to pay Plaintiffs their last four weeks. Plaintiffs complained numerous times to the business owner Victor M. Martinez Dominguez.

57. On or about March 17, 2023, Plaintiffs complained for the last time. As a result, Plaintiffs were fired the same day.

58. At the time of their termination, Defendants refused to pay Plaintiffs their overdue wages.

59. Defendants did not answer Plaintiffs' telephone calls and then blocked Plaintiffs' phone numbers. Plaintiffs could not contact Defendants anymore, and they never received compensation for their last four weeks.

60. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

61. Plaintiffs were paid weekly with checks and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

62. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

63. Additionally, in the case of Plaintiff Dayana Zavala, she earned $120.00 daily or $600.00 weekly. This amount, divided by the number of hours worked (67.5), resulted in a regular hourly rate of $8.89, which is lower than the minimum wage required by law.

64. Plaintiffs were paid by Zelle and in cash, without paystubs providing information about the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

65. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

67. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when payroll records are provided.
* Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### **1.- Minimum wage claim of Plaintiff Dayana Zavala**

a. <u>Total amount of alleged unpaid wages</u>:

Eight Thousand Six Hundred Thirty-Six Dollars and 22/100 ($8,636.22)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment:  54 weeks
        Total relevant weeks of employment: 54 weeks
        Total hours worked: 67.5 hours weekly
        Total number of unpaid weeks: 4 weeks
        Daily rate: $120.00 x 5 days=$600.00 weekly:67.5 hours=$8.89
        Regular rate: $8.89 an hour
        Florida Minimum wage 2023: $11.00 an hour

      i.    Minimum wages for 4 unpaid weeks
    $11.00 x 67.5 hours= $742.50.00 weekly x 4 weeks=$2,970.00

      ii.   Min.wage diff. from September 30, 2022, to March 17, 2023, (24 weeks)
           Regular rate: $8.89
           Florida minimum wage rate:$11.00-$8.89 rate paid=$2.11 diff.
           Difference to minimum wage: $2.11 an hour

           Diff. $2.11 x 67.5 hours=$142.43 x 24 weeks=$3,418.32

      iii.  Min. wage diff. from March 01, 2022, to September 29, 2022, (30 weeks)
           Regular rate: $8.89
           Florida minimum wage rate:$10.00-$8.89 rate paid=$1.11 diff.
           Difference to minimum wage: $1.11 an hour

           Diff. $1.11 x 67.5 hours=$74.93 weekly x 30 weeks=$2,247.90

      Total i, ii and iii: $8,636.22

    c.  <u>Nature of wages:</u>

        This amount represents regular unpaid wages at Florida minimum
        Wage rate[3]

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

### 2.- Minimum wage claim of Plaintiff Ricardo Hernandez

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Nine Hundred Seventy Dollars and 00/100 ($2,970.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  54 weeks
Total relevant weeks of employment: 54 weeks
Total hours worked: 67.5 hours weekly
Daily rate: $160.00 x 5 days=$800.00 weekly:67.5 hours=$11.85
Regular rate: $11.85 an hour
Florida Minimum wage 2023: $11.00 an hour

$11.00 x 67.5 hours= $742.50.00 weekly x 4 weeks=$2,970.00

c. <u>Nature of wages</u>:

This amount represents regular unpaid wages at Florida minimum Wage rate[4]

68. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez unlawfully failed to pay Plaintiffs Dayana Zavala and Ricardo Hernandez minimum wages.

69. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

70. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

71. Plaintiffs Dayana Zavala and Ricardo Hernandez have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Dayana Zavala, Ricardo Hernandez, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Dayana Zavala and Ricardo Hernandez and against Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated

damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Dayana Zavala, Ricardo Hernandez, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### **COUNT III:**
### **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

72. Plaintiffs Dayana Zavala and Ricardo Hernandez re-adopt every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

73. Defendant Construction Pachito Martinez was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

74. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

75. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...."

76. 29 USC § 207 (a) (1) states, "If an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

77. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

78. Defendants Construction Pachito Martinez and Victor M. Martinez Dominguez employed Plaintiffs Dayana Zavala and Ricardo Hernandez as non-exempted, full-time construction laborers approximately between March 01, 2022, and March 17, 2023, or 54 weeks.

79. Plaintiffs were hired to work laying underground cables and pipes. Plaintiffs were paid a daily rate of $120.00 (Dayana Zavala) and $160.00 (Ricardo Hernandez).

80. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days with a total of 67.50 hours weekly.

81.  Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs the same daily rate regardless of the hours worked.

82. During their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

83. Defendants failed to pay Plaintiffs for their last four weeks. Plaintiffs complained numerous times to the business owner Victor M. Martinez Dominguez.

84. Additionally, in the case of Plaintiff Dayana Zavala, she earned $120.00 daily or $600.00 weekly. This amount, divided by the number of hours worked (67.5), resulted in a regular hourly rate of $8.89, which is lower than the minimum wage required by law.

85. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week. Plaintiffs worked under the supervision of the business owner Victor M. Martinez Dominguez.

86. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938

(29 USC 207(a)(1).  Defendants also failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

87. Plaintiffs were paid weekly with checks and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

88. Plaintiffs disagreed with the lack of payment for overtime hours and regular unpaid wages, and they complained multiple times to the business owner Victor M. Martinez Dominguez.

89. These complaints constituted protected activity under the FLSA.

90. On or about March 17, 2023, Plaintiffs complained to Defendants for the last time. Plaintiffs complained about four weeks of unpaid wages and the lack of payment for overtime hours.

91. As a direct result of these complaints, Defendantsrecover fired Plaintiffs the same day.

92. At the time of their termination, Plaintiffs were performing the essential functions of their position satisfactorily. There was no other reason than retaliation to fire them.

93. There is close proximity between Plaintiff's protected activity and their termination.

94. The motivating factor which caused Plaintiffs' discharge, as described above, was their complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiffs would not have been fired but for their complaints about unpaid regular and overtime wages.

95. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

96. Plaintiffs Dayana Zavala and Ricardo Hernandez have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Dayana Zavala and Ricardo Hernandez respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Construction Pachito Martinez and Victor M Martinez Dominguez that Plaintiffs Dayana Zavala and Ricardo Hernandez recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C.  That Plaintiffs recover an award of reasonable Attorney fees, costs, and

   expenses.

D.  Order Defendants Construction Pachito Martinez and Victor M Martinez

   Dominguez to make whole the Plaintiffs by providing appropriate back

   pay and other benefits wrongly denied in an amount to be shown at trial

   and other affirmative relief;

E.  Plaintiffs Dayana Zavala and Ricardo Hernandez further pray for such

   additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Dayana Zavala and Ricardo Hernandez demand a trial by a jury of all

issues triable as a right by a jury.

 Date:  April 29, 2023,

                              Respectfully submitted,

                              By:  **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone:      (305) 446-1500
                              Facsimile:      (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiffs*