UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAYANA ZAVALA and RICARDO
HERNANDEZ, and other similarly
situated individuals,

    Plaintiffs,

v.                                   Case No.:  2:23-cv-300-JLB-KCD

CONSTRUCTION PACHITO
MARTINEZ LLC, and VICTOR M.
MARTINEZ DOMINGUEZ,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Plaintiffs move for default judgment in this Fair Labor Standards Act case. (Doc. 21.)[1] In their amended complaint (Doc. 5), Plaintiffs Dayana Zavala and Ricardo Hernandez seek a sum certain for unpaid overtime (Count I), unpaid minimum wage (Count II), liquidated damages under the FLSA, and attorney's fees and costs. Having been defaulted (Doc. 16), Defendants are subject to the entry of a default judgment by the clerk for the sum certain stated in the amended complaint, and supported by affidavits (Doc. 21-1), as well as an award of attorney's fees costs. Thus, the motion should be granted.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

The Court takes the following facts from the amended complaint, which are deemed admitted by Defendants' default. Defendant Construction Pachito Martinez LLC is a South Carolina company that does business in Lee County, Florida. Defendant Victor M. Martinez Dominguez owns the company. Plaintiffs were employed as construction laborers to lay underground cables and pipes for Defendants for just over a year. They were hired at a daily rate of $120 (Zavala) and $160 (Hernandez).

Defendants worked 14-hour days, 5 days a week, for a total of 67.5 hours weekly. Plaintiffs were paid weekly with checks and cash, without pay stubs or records providing information about the number of days and hours worked, wage rate paid, nor taxes deducted. Defendants did not pay Plaintiffs for four consecutive weeks. After complaining multiple times about this, Plaintiffs were fired. Defendants still did not pay Plaintiffs despite several requests. Thus, Plaintiffs sued to recover overtime compensation, minimum wages, liquidated damages, retaliation damages, attorney's fees, and costs.

## II. Legal Standard

The Court may enter a default judgment against a party who was properly served but did not appear or respond. Fed. R. Civ. P. 55(b)(2). But entry of a default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*,

789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Finally, a defendant's default admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. Discussion

**A. Personal Jurisdiction**

Essential to a valid claim is personal jurisdiction. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021). Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010).

Amenability to jurisdiction is established here under Florida's long-arm statute since Defendants were conducting business in Florida. *See* Fla. Stat. § 48.193(1)(a)(1). Service is also proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180.

The Returns of Service (Docs. 12, 13) are regular on their face. Service on Defendant Victor Martinez Dominguez was effected by delivering the summons and complaint to his 19-year-old daughter/coresident in South Carolina. *See* Fla. Stat. § 48.031(1)(a); Fla. Stat. § 48.194(1) ("service of process on a party in another state … must be made in the same manner as service within this state"). Further, the return states that the daughter was informed of its contents.

Defendant Construction Pachito Martinez LLC was served via substitute service on Martinez's daughter/co-resident at the address for the registered agent. (Doc. 12.) The address for the registered agent is a residence. Service in this way is also proper. *See* Fla. Stat. § 48.081(3)(b) ("If the address for the registered agent ... is a residence ..., service on the corporation may be made

4

by serving the registered agent ... in accordance with § 48.031."); *see also Friedman v. Schiano*, 777 F. App'x 324, 330 (11th Cir. 2019).

### B. Claims

To prevail on both an overtime wage claim and a minimum wage claim, Plaintiffs must establish the same initial elements. They must show: 1) the defendants employed them; and (2) they were employed by an enterprise engaged in commerce. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241541, at *3 (M.D. Fla. Jan. 17, 2017); *Martinez v. Askins & Miller Orthopaedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, at *2 (M.D. Fla. Mar. 11, 2019).

Plaintiffs allege that Victor M. Martinez Dominguez was (and is) the owner/partner/officer and manager of Construction Pachito Martinez, LLC, and that Defendants were Plaintiffs' "employers" for purposes of FLSA liability. (Doc. 5 at 2.) To determine whether a defendant is an employer under the FLSA, a court looks to whether it "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011). Based on the well-pled allegations, the Court finds that Defendants employed Plaintiffs from March 1, 2022, through March 17, 2023. (Doc. 5 at 4.) Thus, Plaintiffs satisfied the first element.

5

As to enterprise coverage, Plaintiffs must show that the enterprise: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiffs allege as much in the amended complaint. (Doc. 5 at 3.) Thus, based on Plaintiffs' well-pled allegations, the Court finds Defendants were employers engaged in interstate commerce.

Next, the Court considers the remaining elements for both the overtime and minimum wage claims.

### 1. Overtime Wages (Count I)

After establishing employment and enterprise coverage, to prevail on a claim for overtime wages, a plaintiff must show: (1) she worked more than a 40-hour workweek; and (2) the defendants did not pay her overtime wages for the work over a 40-hour workweek. *Cain*, 2017 WL 10241541, at *3. Plaintiffs allege they worked from March 1, 2022, through March 17, 2023 (54 weeks and 3 days), 5 days per week, 14 hours per day, totaling 67.5 hours per week. (Doc. 5 at 4.) Plaintiffs claim for the number of hours worked and their daily rate, they were not paid overtime wages. (Doc. 5 at 4-5, 8-14.) With these well-pled

6

allegations, the Court finds Plaintiffs have established all the elements for the FLSA overtime wage claim.

### 2. Minimum Wages (Count II)

To prevail on a claim for unpaid wages, a plaintiff must also show: (1) the defendants did not pay her a minimum wage required by the FLSA. *Martinez*, 2019 WL 1117036, at *2. Plaintiffs claim they were not paid for 4 weeks. And in Zavala's case, the daily rate she earned, divided by the number of hours worked in a week, resulted in a regular hourly rate lower than the minimum wage. (Doc. 5 at 16-17.) With these well-pled allegations, the Court finds Plaintiffs have established all the elements for the FLSA minimum wage claim.

### 3. Retaliation (Count III)

Along with wage claims, § 215(a)(3) of the FLSA protects individuals from retaliation. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000). To establish a prima facie case for FLSA retaliation, a plaintiff must show: (1) she engaged in a protected activity under the FLSA; (2) she subsequently suffered an adverse employment action; and (3) a causal connection exists between the employee's protected activity and the adverse action. *Id.* at 1342-43. The retaliation claim here supports Plaintiffs' request for liquidated damages.

Plaintiffs allege they repeatedly reported FLSA violations to business owner Martinez for failing to pay them overtime and a minimum wage. (Doc. 5 at 24.) These violations are activities protected under the FLSA. 29 U.S.C. § 207. Plaintiffs suffered an adverse action when they were fired the same day they made their final complaint. (Doc. 5 at 24-25.) Lastly, Plaintiffs must establish a causal connection between their firing and assertion of their FLSA rights. A plaintiff may satisfy this burden by showing a close temporal proximity between the time her employer learned of her protected activity and the time of the adverse employment action. *Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820, 823 (11th Cir. 2008). Here, Plaintiffs were fired the same day they complained, establishing a causal connection. With these well-pled allegations, the Court finds that Plaintiffs have established all the elements for retaliation.

**C. Damages Calculation for Minimum and Overtime Wages**

Plaintiffs seek damages for their overtime-wage claim and minimum-wage claim. An employer who violates the minimum wage or overtime provisions of the FLSA is liable for the employee's unpaid wages and unpaid overtime, and an additional equal amount for liquidated damages. 29 U.S.C. § 216(b). Plaintiff bears the burden of proving the amount of damages to be awarded and may establish the amount by affidavit. *Cabrera v. Fla. Express*

8

*Bus, LLC*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12844403, at *2 (M.D. Fla. June 23, 2015).

In support of their claims, Plaintiffs rely on Affidavits of Indebtedness (Doc. 21-1), which the Court finds contain sufficient information to establish the amount and extent of the work they performed and an adequate basis for calculating their damages. *Miranda v. Palms Hotels & Villas, LLC*, No. 606CV-1902-ORL-28KRS, 2007 WL 3232242, at *4 (M.D. Fla. Oct. 31, 2007) (finding an employee's affidavit carries her burden of proving the amount and extent of her work and a basis for calculating damages when the employers' records are inaccurate or inadequate).

### D. Damages Calculation for Retaliation

After establishing a claim for retaliation under the FLSA, an employer is liable for such relief that effectuates the purpose of the anti-retaliation section of the FLSA, including, without limitation, payment of lost wages, as well as an equal amount of liquidated damages if appropriate under the facts of the case. *Roth v. ABCW, LLC*, No. 2:14-CV-227-FTM-29CM, 2016 WL 6994178, at *3 (M.D. Fla. Nov. 30, 2016). Plaintiffs limits their damages for retaliation to lost wages and liquidated damages.

For retaliation claims, an award of liquidated damages is discretionary if "appropriate under the facts of the case." *Roth*, 2016 WL 6994178, at *3. While liquidated damages are intended to compensate a plaintiff, they may

also be imposed to provide a deterrent for defendants. *Id.*; *Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-CV-496-OC-37PRL, 2013 WL 1344500, at *2 (M.D. Fla. Apr. 2, 2013). And liquidated damages may be especially appropriate when the defendants' actions are egregious.

Based on their Affidavits (Doc. 21-1), Plaintiffs have established damages for retaliation for four weeks of unemployment after being fired. To compensate Plaintiffs for this harm, the Court also finds that awarding lost wages and an equal amount of liquidated damages is justified to effectuate the purposes of the FLSA.

### E. Attorney's Fees and Costs

The FLSA states that claimants are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C. § 216(b). Plaintiffs seek these remedies, and the Court finds they are prevailing parties entitled to such relief.

An attorney fee award is calculated by multiplying the number of hours reasonably spent by the reasonable hourly rate to arrive at the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit adequate documentation of hours and rates in support, or the award may be reduced. *Id.*

Plaintiffs are represented by attorney Zandro Palma who claims a lodestar of $7,200. (Doc. 21 at 8-9.) Attorney Palma submitted an affidavit supporting the fee request (Doc. 21-2), stating that his attached billing records

accurately reflect the time spent on the case (18 hours) and that the number of hours were reasonable and necessary, given the nature of the litigation. (Doc. 21-2 at 4.) The filing details his qualifications and experience, as well as ledgers detailing the billable hours incurred by him that were reasonable and necessary for the prosecution of this matter. The Court agrees they are reasonable.

The request for costs lists the costs of the process server, the filing fee, and copies (Doc. 21-2 at 8), which are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. The remaining expense for postage is not taxable costs but is a permitted litigation costs under the statutory authority of 29 U.S.C. § 216(b), which seems reasonable. Therefore, $967 should be permitted.

## IV. Recommendation

For the above reasons, the Court finds Plaintiffs have established violations of the minimum wage, overtime wage, and retaliation provisions of the FLSA. Based on Plaintiffs' Affidavits, they also establish entitlement to the damages they seek.

Accordingly, it is **RECOMMENDED**:

(1) The Motion for Default Judgment Against Defendants (Doc. 21) be **GRANTED** as to Counts I, II, and III and the Clerk be directed to enter a default judgment of $68,360.08 calculated as follows:

    (a)    As to Count I for unpaid overtime wages, Plaintiffs be awarded $16,973.82 and an equal amount for liquidated damages, for a total of $33,947.64.

    (b)    As to Count II for unpaid minimum wages, Plaintiffs be awarded $11,606.22 and an equal amount of liquidated damages, for a total of $23,212.44.

    (c)    As to Count III for retaliation, Plaintiffs be awarded $5,600.00 and an equal amount for liquidated damages for a total of $11,200.00.

    (d)    Dividing these totals among the two Plaintiffs, judgment should be entered in the amount of $38,407.44 for Dayana Zavala, and $29,952.64 for Ricardo Hernandez.

(2) The Court should arrive at a lodestar amount of $7,200 in attorney's fees and a cost award of $967 and award these amounts in the judgment.

**ENTERED** in Fort Myers, Florida this November 6, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.